1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,           CASE NO. CR F 10-0381 LJO

12           Plaintiff,           **NOTICE OF COURT'S INTENT TO DEPART UPWARDLY AT SENTENCING**

13       vs.

14   RAYMOND JAMES GRAHAM,

15           Defendant.

16   _____/

17

18      The Court has received and reviewed the post-trial Pre-sentence Report in the above-captioned

19 matter in preparation for the sentencing to take place on March 12, 2012. The Court notes that the

20 recommendation is for concurrent sentences as to Counts one and two, with the sentence on count one

21 to be within the Guideline Range (range of 100-125 months), to wit, the statutory maximum of a single

22 count of 120 months. **Notice is hereby given that the Court intends to sentence at an upward**

23 **departure level.**

24      The Court's basis is found in USSG 4A1.3(a)(1), which states: "If reliable information indicates

25 that the defendant's criminal history category <u>substantially under-represents the seriousness of the</u>

26 <u>defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward</u>

27 <u>departure may be warranted.</u>" (emphasis added). Note 2(B) provides: "In the case of an egregious,

28 serious criminal record in which even the guideline range for Criminal History Category VI is not

1

adequate to reflect the seriousness of the defendant's criminal history category, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted." The Court should consider the nature of the prior offenses rather than just the number of them.

Here, the defendant has six prior weapons offenses, three where no criminal history points were applied due to the age of the offenses. In addition, the defendant has adult convictions of carrying a dirk or dagger, and a very similar conviction for unlawful possession of a short-barreled shotgun rifle, and felon in possession of a firearm. USSG 4A1.2, application Note 8, and 4A1.3. **The Court intends, therefore to sentence at the statutory maximum level on Count one, and give consecutive additional time on Count two.**

IT IS SO ORDERED.

**Dated:**   **February 29, 2012**          **/s/ Lawrence J. O'Neill**
                        UNITED STATES DISTRICT JUDGE